IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


HERMAN B. FRANKLIN, :
:
       Petitioner :
:
v. : CIVIL NO. 3:CV-09-0768
:
PENNSYLVANIA BOARD OF PROBATION :
AND PAROLE : (Judge Vanaskie)
:
       Respondent :

## MEMORANDUM

Background

       Herman B. Franklin, an inmate presently confined at the Greene State Correctional Institution, Waynesburg, Pennsylvania (SCI-Greene), filed in this Court an "Application for Writ of Mandamus." Dkt. Entry # 1, p. 1. Petitioner, who proceeds *pro se*, has paid a five dollar ($ 5.00) filing fee and submitted an application for leave to proceed in forma pauperis. The matter is before the Court for initial screening under 28 U.S.C. § 1915A, which requires dismissal of any action brought by a prisoner that seeks redress from a governmental entity where the court determines that the complaint is frivolous or fails to present a viable claim.

       Franklin names as the respondent the Pennsylvania Board of Probation and Parole (Parole Board). Franklin states that he was convicted of rape, involuntary deviate sexual

intercourse and related offenses in the Allegheny County Court of Common Pleas. See id., ¶ 2. Franklin, however, does not challenge the legality of his Allegheny County conviction and sentence. Rather, Franklin alleges that *ex post facto* violations were committed by the Parole Board when it denied him parole on four (4) separate occasions. As relief, Petitioner requests that the Parole Board be compelled to provide him with "a fair and impartial hearing" regarding his parole eligibility. Id. at p. 6.

Discussion

The only federal statute under which a party may seek mandamus relief from a federal court is 28 U.S.C. § 1361. It provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis supplied.]

The language of this legislation plainly limits mandamus relief to federal officers and employees. Franklin cannot obtain mandamus type relief against a Pennsylvania state agency in federal court. Consequently, this mandamus action is subject to dismissal, without prejudice, for failure to present a viable claim for mandamus relief. See Brown v. Beard, Civ. No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Pa. Feb. 25, 2009)(McClure, J.).

Although Franklin cannot present a viable mandamus action in federal court to challenge the adverse parole decision, he is not without recourse. He may be able to pursue an action for mandamus relief in the Pennsylvania state court system. See Coady v. Vaughn,

2

770 A.2d 287 (Pa. 2001) (mandamus petition in the Pennsylvania Commonwealth Court was viable procedure for presenting *ex post facto* challenges to denial of parole). He may also be able to pursue a civil rights action in federal court against appropriate parole officials. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Finally, he may be able to seek federal habeas corpus relief in the federal district court that has jurisdiction over his place of confinement, the United States District Court for the Western District of Pennsylvania. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004)(jurisdiction for habeas corpus petitions challenging present physical confinement lies in only one district, the district of confinement). Franklin may not, however, pursue a mandamus action against a state agency in this Court.

An appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HERMAN B. FRANKLIN, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-09-0768
:
PENNSYLVANIA BOARD OF PROBATION : (Judge Vanaskie)
AND PAROLE, :
:
    Respondent :

## ORDER

NOW, THEREFORE, THIS 9th DAY OF JUNE, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's request for mandamus relief is DISMISSED, WITHOUT PREJUDICE.

2. The Clerk of Court is directed to mark this matter CLOSED.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge